UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEMEEKA C. DAVIS,<br><br>        Petitioner,<br><br>    v.<br><br>DEBORAH K. JOHNSON,<br><br>        Respondent. | Case No. 15-cv-05760-HSG<br><br>**ORDER TO SHOW CAUSE; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT; GRANTING MOTION TO APPOINT COUNSEL; REFERRING CASE TO FEDERAL PUBLIC DEFENDER'S OFFICE; STAYING CASE**<br><br>Re: Dkt. Nos. 2, 5 |

Petitioner, a state prisoner incarcerated at California Women's Facility has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's motion for leave to proceed *in forma pauperis* is DENIED as moot. Docket No. 5. The filing fee has been paid.

### BACKGROUND

On June 16, 2011, Petitioner was convicted by a Contra Costa County jury of murder (Cal. Penal Code § 187), torture (Cal. Penal Code § 206), and felony child abuse (Cal. Penal Code § 273a). Docket No. 1 ("Pet.") at 1. On January 6, 2012, she was sentenced to thirty-two years to life in state prison. *Id.* Her conviction was affirmed by the California Court of Appeal on July 9, 2014, and her petition for review was denied by the California Supreme Court on October 1, 2014. *Id.* at 2. Petitioner reports that she did not file any state habeas petitions before filing this action. *Id.* at 3. The instant action was filed on December 16, 2015.

### DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*
2  *Hodges*, 423 U.S. 19, 21 (1975).
3        A district court shall "award the writ or issue an order directing the respondent to show
4  cause why the writ should not be granted, unless it appears from the application that the applicant
5  or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

      As grounds for federal habeas relief, Petitioner claims that: (1) there was insufficient evidence of the required mental state to support her conviction for torture; (2) there was insufficient evidence of the required mental state to support her conviction for first-degree murder; (3) the trial court's refusal to instruct on voluntary manslaughter as a lesser included offense violated her right to a jury trial and due process of law; (4) the prosecutor committed misconduct by misstating the law, in violation of due process; (5) the sanity finding violated due process because no rational trier of fact could have rejected compelling evidence of insanity; and (6) Petitioner's sentence violated the Eighth Amendment. Liberally construed, the claims appears cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**C.    Motion to Appoint Counsel**

      Petitioner has filed a motion to appoint counsel. Docket No. 2. Accompanying the motion is a declaration from her court-appointed state appellate attorney, wherein the attorney states that Petitioner has borderline intellectual functioning with an IQ of 80, and that experts testified at Petitioner's trial that she is "seriously mentally ill." Docket No. 2 at 5.

      The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v.*

*Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal, or mixed legal and factual questions; (3) cases involving petitioners that are uneducated or mentally or physically impaired; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Rule 17(c) of the Federal Rules of Civil Procedure, which in part requires that the court appoint a guardian ad litem or otherwise protect the interests of an incompetent litigant, applies to habeas cases. *See Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir. 2005). Here, Petitioner has indicated that she is mentally impaired. Appointment of counsel is necessary in order to protect the interests of Petitioner. *See id.* at 1153-54 (allegations by a petitioner and another prisoner that the petitioner was mentally ill, supported by a psychiatrist's letter stating that petitioner had schizophrenia and took psychotropic medications, were sufficient to trigger the obligation to appoint counsel and hold a hearing, or otherwise consider the claim); *cf. Stokes v. Roe*, 18 F. App'x 478, 479 (9th Cir. 2001) (vacating district court dismissal of habeas petition and remanding for appointment of counsel; finding that due process required appointment of counsel where the record "strongly suggest[ed]" that petitioner was suffering from schizophrenia or other psychosis and was unrepresented in earlier proceedings).

Good cause appearing, Petitioner's motion for appointment of counsel is GRANTED. Petitioner is referred to the Federal Public Defender's Office in the manner set forth below so that an attorney may be located for her.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall mail a copy of this order and the petition with all attachments to the

1  respondent and the respondent's attorney, the Attorney General of the State of California.  The
2  Clerk shall also serve a copy of this order on Petitioner.
3    2. Petitioner is REFERRED to the Federal Public Defender's Office for location of
4  pro bono counsel.  The Clerk shall provide a copy of this order to the Federal Public Defender's
5  Office in San Francisco.  Upon being notified by the Federal Public Defender's Office that an
6  attorney has been located to represent Petitioner, the Court will: (1) appoint that attorney as
7  counsel for Petitioner in this matter; and (2) direct the attorney to inform the Court whether she
8  will seek leave to file an amended petition; and (3) set a briefing schedule.
9    3. All proceedings in this action are stayed until four weeks from the date an attorney
10 is appointed.
11 **IT IS SO ORDERED.**
12 Dated:  4/29/2016

              _____
              HAYWOOD S. GILLIAM, JR.
              United States District Judge